FILED
U.S. DISTRICT COURT

2012 JAN -9 AM 9: 28

CLERK R. Ouot
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

WINSTON HAYLES,                          :

        Plaintiff,                    :

    v.                                    :          CIVIL ACTION NO.: CV611-117

BRIAN OWENS; DR. A. AYEDUN;               :
DR. MEGLIN ALLEN; DR. HUDGES;             :
DEAN BROOM; BURT LANIER;                  :
KAREN H. O'NEAL; ANDY BENJAMIN;           :
LUKE HOWARD; DANNY F. TODD;               :
ANGIE PITTMAN; JOHN MOORE;                :
S. BUSH; and CHRIS OZMENI,                :

        Defendants.                    :


## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Augusta State Medical Prison in

Grovetown, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain

conditions of his confinement while he was housed at Georgia State Prison in

Reidsville, Georgia.     A prisoner proceeding in a civil action against officers or

employees of government entities must comply with the mandates of the Prison

Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.      In determining compliance, the

court shall be guided by the longstanding principle that *pro se* pleadings are entitled to

liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860

F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable

claims before or as soon as possible after docketing.      The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Tarmarshe Smith[1] used excessive force against him, and that he suffered injuries as a result. Plaintiff asserts that Defendant Howard came to his cell and ignored visible injuries. Plaintiff also asserts that Defendants Broom, Lanier, Ayedun, Allen, and Hudges failed to check his visible injuries or give him medications.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

---

[1] Plaintiff has a pending cause of action against Tarmarshe Smith. Case No. CV610-31.

AO 72A
(Rev. 8/82)

The above set forth allegations, when read in a light most favorable to Plaintiff, arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Howard, Broom, Lanier, Ayedun, Allen, and Hudges. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Howard, Broom, Lanier, Ayedun, Allen, and Hudges by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

Plaintiff contends that Defendants Ayedun, Allen, and Hudges discriminated against him based on his status as an inmate. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other [people] who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has not shown that, even if Defendants Ayedun, Allen, and Hudges discriminated against him, this treatment was based on a constitutionally protected interest. Thus, Plaintiff's equal protection claims should be dismissed.

Plaintiff also names Brian Owens as a Defendant, claiming, in general terms, that Defendant Owens failed to train officers, failed to ensure the safety of inmates, and failed to ensure inmates receive medical treatment. It appears Plaintiff seeks to hold

Defendant Owens liable based solely on his position as Commissioner of the Georgia Department of Corrections. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Owens should be dismissed.

Plaintiff asserts that Defendant Bush failed to properly x-ray his injuries. Estelle's subjective standard does not require that the medical care provided to a prisoner be perfect. Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980). Thus, not every claim that a prisoner has not received adequate medical care states a violation of the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The medical care provided to inmates need not be "perfect, the best obtainable, or even very good." Id. at 1510 (quoting Brown, 481 F. Supp. at 726). Plaintiff fails to state an Eighth Amendment claim against Defendant Bush, and his claim against Defendant Bush should be dismissed.

Plaintiff states that Defendants Broom, Lanier, Benjamin, Howard, Todd, Pittman, Moore, and Ozment were all involved in a cover-up of this incident. A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants '"reached an understanding to violate [his] rights."' Id. (quoting Strength v.

AO 72A
(Rev. 8/82)

Hubert, 854 F.2d 421, 425 (11th Cir.1988)).  As Plaintiff has failed to make this showing, his conspiracy claim against Defendants Broom, Lanier, Benjamin, Howard, Todd, Pittman, Moore, and Ozment should be dismissed.

Finally, Plaintiff names Karen O'Neal as a Defendant in this case.  However, the only allegation Plaintiff makes in his Complaint against Defendant O'Neal is that she failed to insure that the doctors did not discriminate against him and that they properly treat inmates.  A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  As Plaintiff has failed to meet this basic requirement against Defendant O'Neal, Plaintiff's claims against Defendant O'Neal should be dismissed.

Defendants Owens, Bush, Todd, Pittman, Moore, Ozment, Benjamin, and O'Neal should be dismissed as named Defendants in this case.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2).  In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons.  FED. R. CIV. P. 4(d); Local Rule 4.5.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  FED. R. CIV. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until

sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules. Local Rule 26.1(d)(I).

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a).

AO 72A
(Rev. 8/82)

Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(I).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P.

7

26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5.

Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this _9th_ day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE