IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

Plaintiff,

v.

CIVIL ACTION NO.: CV611-117

DR. A. AYEDUN; DR. ALLEN MEGLIN;
DR. HUDGES; DR. DEAN BROOME;
BURT LANIER and LUKE HOWARD,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Augusta State Medical Prison in Grovetwon, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants Luke Howard and Dean Broome ("Movants") filed a Motion to Dismiss, to which Plaintiff failed to respond. For the reasons which follow, Movants' unopposed Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Tarmarshe Smith used excessive force against him, and that he suffered injuries as a result. Plaintiff asserts that Defendant Howard came to his cell and ignored visible injuries. Plaintiff also asserts that Defendant Broome was deliberately indifferent to his serious medical needs by failing to check Plaintiff's visible injuries or give him medications.

Movants assert that Plaintiff's claims against Defendant Broome are barred by *res judicata* principles. Movants also assert that Plaintiff's claims against Defendant

AO 72A
(Rev. 8/82)

Howard should be dismissed because Plaintiff failed to exhaust his administrative remedies regarding his claims against Luke Howard.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Collateral Estoppel

Movants assert that this Court entered judgment in Case Number CV610-31, Hayles v. Jarriel, et al., on Plaintiff's deliberate indifference to a serious medical need claim against Nurse Cassandra Hower. Thus, Movants contend, Plaintiff's claims against Defendant Broome are barred by collateral estoppel. Movants aver that Plaintiff's deliberate indifference claims were actually litigated in CV610-31, as evidenced by the submission of Plaintiff's medical records and the affidavits of Nurse Hower and Defendant Broome. Movants assert that the undersigned's discussion and analysis regarding Plaintiff's deliberate indifference claims in the Report and Recommendation for CV610-31 was a critical and necessary part of the Court's judgment in favor of Nurse Hower. Movants also assert that Plaintiff had a full and fair opportunity to litigate any issues arising out of his medical care and treatment while he was housed at Georgia State Prison.

*Res judicata*, or claim preclusion, "refers to the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989) (internal citation omitted). The doctrine of collateral estoppel, or issue preclusion, is related to *res judicata*. "To claim the benefit of collateral estoppel, the party relying on the doctrine must show that (1) the issue at stake is the same as 'the one involved in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the determination of the issue in the prior

2

litigation was a critical and necessary part of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.'" Travieso v. Fed. Bureau of Prisons, Warden, 217 F. App'x 933, 936 (11th Cir. 2007) (quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)). "In determining when an issue has been "actually litigated," the Eleventh Circuit has noted that "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue [has been] actually litigated." Id. (internal citation omitted).

Nurse Howard, who was employed as a part of Georgia State Prison's medical staff, moved for summary judgment on Plaintiff's deliberate indifference claims against her in CV610-31. After review of the pertinent pleadings and supporting documentation, which included Defendant Broome's affidavit, Plaintiff's medical records covering the time he was housed at Georgia State Prison, and Plaintiff's submitted pleadings and documentation, the undersigned recommended that Nurse Hower's motion be granted. The undersigned determined that there was no genuine dispute as to any material fact regarding Plaintiff's deliberate indifference claim. (CV610-31, Doc. No. 155, p. 8). In making this determination, the undersigned noted, "It is evident that Plaintiff believes something more or different should have been done [to treat his medical needs] while he was housed at Georgia State Prison, but this belief is an insufficient basis to support claims that Defendant[ ] Hower . . . [was] deliberately indifferent to Plaintiff's serious medical needs." (Id.). The Honorable B. Avant Edenfield adopted this recommendation as the opinion of the Court. (CV610-31, Doc. No. 164). Judge Edenfield also granted Defendant Hower's motion for entry of judgment pursuant to Rule 54(b), and final

3

judgment was entered, dismissing Defendant Hower as a defendant in CV610-31. (CV610-31, Doc. Nos. 173, 176).

The undersigned concludes that the elements of collateral estoppel, or issue preclusion, have been met as to Plaintiff's claims of deliberate indifference to serious medical needs for alleged injuries resulting from a use of force incident on November 10, 2009. This issue was before the Court and was "actually litigated" in CV610-31. The undersigned's recommended disposition of Nurse Hower's motion in CV610-31, which Judge Edenfield later adopted as the opinion of the Court, was a critical and necessary part of the Court's judgment. Finally, Plaintiff had a full and fair opportunity to litigate his deliberate indifference claims stemming from the use of force incident of November 10, 2009, in CV610-31 and did so. (CV610-31, Doc. Nos. 141, 152, and 163). This portion of Movants' Motion should be granted.

## II. Exhaustion

Movants assert that Plaintiff failed to make any assertions in his informal or formal grievance regarding his claims against Defendant Howard. Movants contend that Plaintiff filed two (2) formal grievances regarding the alleged November 10, 2009, use of force incident, but he failed to make any mention of Defendant Howard, that he was served with false disciplinary reports, or that his injuries were ignored. Movants aver that Plaintiff's failure to mention Defendant Howard or make any allegations in his grievances which could be attributed to Defendant Howard meant that Plaintiff's contentions against Defendant Howard could not be investigated properly. Thus, Movants assert, Plaintiff's claims against Defendant Howard should be dismissed.

4

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative

AO 72A
(Rev. 8/82)

remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, No. CV307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id.. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id.. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

6

According to the affidavit of Milton Smith, the Grievance Coordinator at Georgia State Prison, Plaintiff filed two (2) grievances detailing events occurring on November 10, 2009. Plaintiff failed to make any assertions in these grievances about Defendant Howard, being issued false disciplinary reports, or not being seen by medical personnel. (Doc. No. 30-3, p. 3). Movants also submitted a printout of Plaintiff's grievance history beginning in December 2008 through March 2012. (Doc. No. 30-3, pp. 9-11). Plaintiff's formal Grievances Numbered 41908 and 41909 were filed on November 10, 2009, and he made allegations regarding the use of physical force. (Doc. No. 30-3, p. 10). Plaintiff makes no mention of Defendant Howard, being served with false disciplinary reports, or not being provided with medical treatment at Georgia State Prison. (Doc. No. 30-3, pp. 13-14). Plaintiff failed to exhaust his administrative remedies relating to his claims against Defendant Howard. Accordingly, this portion of Movants' Motion should be granted.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Unopposed Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendant Broome be **DISMISSED**, with prejudice, and Plaintiff's claims against Defendant Howard be **DISMISSED**, without prejudice.

**SO REPORTED**, this 30th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE