IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

    Plaintiff,

v.

DR. A. AYEDUN; DR. ALLEN MEGLIN; DR. HUDGES; DR. DEAN BROOME; BURT LANIER and LUKE HOWARD,

    Defendants.

CIVIL ACTION NO.: CV611-117

    Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed his complaint pursuant to 42 U.S.C. § 1983. Defendant Burt Lanier have moved for a dismissal of Plaintiff's claim.

    The Court is reluctant to rule on said motion without receiving a response from the Plaintiff or insuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U.S. 519, 520 (1972). When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

    The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as

---

[1] Local Rule 7.5 states:

    Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of

AO 72A
(Rev. 8/82)

a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any objections to said Defendant's motion for a dismissal, or to otherwise inform the court of his decision not to object to Defendant's motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendant's motion, the Court will determine that there is no opposition to the motion. See Local Rule 7.5. In order to assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 27th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion</u>. (emphasis added).

2