IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV611-117

DR. A. AYEDUN; DR. ALLEN MEGLIN;
DR. HUDGES; and BURT LANIER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendant Burt Lanier ("Defendant Lanier") filed a Motion to Dismiss, to which Plaintiff failed to respond. For the reasons which follow, Defendant Lanier's Unopposed Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Tarmarshe Smith used excessive force against him, and that he suffered injuries as a result. Plaintiff asserts that Defendant Howard came to his cell and ignored visible injuries. Plaintiff also asserts that Defendant Lanier was deliberately indifferent to his serious medical needs by failing to check Plaintiff's visible injuries or give him medications.

AO 72A
(Rev. 8/82)

Defendant Lanier asserts that Plaintiff's claims against him are barred by collateral estoppel principles.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant Lanier asserts that this Court entered judgment in Case Number CV610-31, <u>Hayles v. Jarriel, et al.</u>, on Plaintiff's deliberate indifference to a serious medical need claim against Nurse Cassandra Hower. Thus, Defendant Lanier contends, Plaintiff's claims against him are barred by collateral estoppel. Defendant Lanier avers that Plaintiff's deliberate indifference claims were actually litigated in CV610-31, as evidenced by the submission of Plaintiff's medical records (including Defendant Lanier's examination of Plaintiff) and the affidavits of Nurse Hower and Defendant Broome. Defendant Lanier asserts that the undersigned's discussion and analysis regarding Plaintiff's deliberate indifference claims in the Report and Recommendation for CV610-31 was a critical and necessary part of the Court's judgment in favor of Nurse Hower. Defendant Lanier also asserts that Plaintiff had a full and fair opportunity to litigate any issues arising out of his medical care and treatment while he was housed at Georgia State Prison. Defendant Lanier further asserts that Plaintiff's claims against him are barred from re-litigation and are due to be dismissed.

*Res judicata*, or claim preclusion, "refers to the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit." <u>Thomas v. Evans</u>, 880 F.2d 1235, 1240 (11th Cir. 1989) (internal citation omitted). The doctrine of collateral estoppel, or issue preclusion, is related to *res judicata*. "To claim the benefit of collateral estoppel, the party relying on the doctrine must show that (1) the issue at stake is the same as 'the one involved in the prior proceeding, (2) the issue was

actually litigated in the prior proceeding, (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.'" Travieso v. Fed. Bureau of Prisons, Warden, 217 F. App'x 933, 936 (11th Cir. 2007) (quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)). "In determining when an issue has been "actually litigated," the Eleventh Circuit has noted that "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue [has been] actually litigated." Id. (internal citation omitted).

Nurse Hower, who was employed as a part of Georgia State Prison's medical staff, moved for summary judgment on Plaintiff's deliberate indifference claims against her in CV610-31. After review of the pertinent pleadings and supporting documentation, which included Defendant Broome's affidavit, Plaintiff's medical records covering the time he was housed at Georgia State Prison, and Plaintiff's submitted pleadings and documentation, the undersigned recommended that Nurse Hower's motion be granted. The undersigned determined that there was no genuine dispute as to any material fact regarding Plaintiff's deliberate indifference claim. (CV610-31, Doc. No. 155, p. 8). In making this determination, the undersigned noted, "It is evident that Plaintiff believes something more or different should have been done [to treat his medical needs] while he was housed at Georgia State Prison, but this belief is an insufficient basis to support claims that Defendant[ ] Hower . . . [was] deliberately indifferent to Plaintiff's serious medical needs." (Id.). The Honorable B. Avant Edenfield adopted this recommendation as the opinion of the Court. (CV610-31, Doc. No. 164). Judge Edenfield also granted

AO 72A
(Rev. 8/82)

Defendant Hower's motion for entry of judgment pursuant to Rule 54(b), and final judgment was entered, dismissing Defendant Hower as a defendant in CV610-31. (CV610-31, Doc. Nos. 173, 176).

The undersigned concludes that the elements of collateral estoppel, or issue preclusion, have been met as to Plaintiff's claims of deliberate indifference to serious medical needs for alleged injuries resulting from a use of force incident on November 10, 2009. This issue was before the Court and was "actually litigated" in CV610-31. The undersigned's recommended disposition of Nurse Hower's motion in CV610-31, which Judge Edenfield later adopted as the opinion of the Court, was a critical and necessary part of the Court's judgment. Finally, Plaintiff had a full and fair opportunity to litigate his deliberate indifference claims stemming from the use of force incident of November 10, 2009, in CV610-31 and did so. (CV610-31, Doc. Nos. 141, 152, and 163). Thus, Defendant Lanier's Motion should be granted.

It is unnecessary to address the alternative Defendant Lanier sets forth in his Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Lanier's Unopposed Motion to Dismiss be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE