# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WINSTON HAYLES,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV611-117

DR. A. AYEDUN; DR. ALLEN MEGLIN;
DR. HUDGES; and BURT LANIER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Augusta State Medical Prison in Grovetown, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Allen Meglin violated his constitutional rights while he was housed at Georgia State Prison in Reidsville, Georgia. On October 16, 2012, Defendant Meglin filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant Meglin filed a Motion for Summary Judgment and that a response must be filed by November 9, 2012. (Doc. No. 53). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

AO 72A
(Rev. 8/82)

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.). Plaintiff filed no Response to Defendant Meglin's Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

## STATEMENT OF THE CASE

Plaintiff contends that an officer used excessive force against him, and that he (Plaintiff) suffered injuries as a result. Plaintiff asserts that Defendant Meglin failed to check his visible injuries or give him medications.

Defendant Meglin avers that he played a limited role in Plaintiff's care and treatment. Defendant Meglin specifically avers that he was the first of many radiologists who reviewed imaging studies of Plaintiff's alleged injuries and concluded that Plaintiff had no identifiable injuries. In short, Defendant Meglin contends that Plaintiff cannot sustain a deliberate indifference claim against him.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could

2

return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment,

3

embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. It is legally insufficient to sustain a cause of action for deliberate indifference to serious

medical needs simply because the inmate did not receive the medical attention he deemed appropriate. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).

A review of the relevant supporting documentation reveals that Plaintiff fails to overcome his burden of establishing a genuine dispute as to any material fact regarding his deliberate indifference to serious medical needs claims against Defendant Meglin. In fact, this documentation reveals that Plaintiff disagrees with the medical treatment he received after he was injured following an alleged excessive use of force incident. Defendant Meglin, who is a radiologist in Savannah, Georgia, declares in his affidavit that he was asked to interpret a series of x-rays on November 13, 2009, which were taken at Doctor's Hospital of Tattnall. Defendant Meglin also declares that he interpreted the x-rays from his Savannah, Georgia, office and determined there was no evidence of any fracture, dislocation, or other injury to Plaintiff's skull, shoulder, or chest other than a granuloma in Plaintiff's left lung.[1] (Doc. No. 49-1, pp. 2,10-13). According to Defendant Meglin, his review and interpretations of Plaintiff's x-rays were appropriate and complied with the applicable standard of care for radiologists. (Id. at p. 2). Defendant Meglin states that he only interpreted Plaintiff's x-rays, as requested, and did not physically examine Plaintiff or provide any care before or after November 13, 2009. (Id.). Defendant Meglin states that his duties were limited to reviewing and interpreting

---

[1] A granuloma is "an inflammatory [benign] tumor or growth" of tissue, often found in the lungs. http://dictionary.reference.com/browse/granuloma?s=t.

remotely the x-rays he was provided via teleradiology and to report his findings electronically to the doctor who ordered the x-rays.[2] (Id. at p. 3).

When asked during his deposition about his claims against Defendant Meglin, Plaintiff testified that:

> Okay. I want to object to that, right, because if he is a doctor—if he say (sic) he is a doctor and he is about to sign some—some medical document belonging to me and he has never even seen me that was totally incorrect for him to do. You know, if he's gonna—you're gonna say, well, okay, all he looked at was some type of x-ray or some type of record and then passes judgment, you know, this is totally wrong and incorrect for a doctor to do. Again, a doctor is supposed to assess his patient, not paperwork or some—some film.

(Doc. No. 49-4, p. 12). Plaintiff also testified, "The only thing I know, he—he signed some medical record saying that there was no injuries on me (sic) and he never even seen (sic) me. And that's—that's wrong." (Id. at p. 13).

The evidence before the Court reveals that Plaintiff does not agree with the kind of medical treatment he received after the use of force incident. Defendant Meglin's affidavit and statement of undisputed facts are supported by the evidence of record. Plaintiff, in contrast, presents no evidence or additional pleadings which would create a genuine dispute as to any fact material to his deliberate indifference claims against Defendant Meglin. It is apparent that Plaintiff is not satisfied with the minimal involvement Defendant Meglin had with the medical treatment Plaintiff received after the

---

[2] "Teleradiology is the practice of radiology by remote transmission and interpretation of radiological images, like x-rays. Teleradiology is widely used and widely accepted within the medical community as [a] method for radiologists to view and interpret radiological images, like x-rays." (Doc. No. 49-1, p. 4, ¶ 12).

alleged use of force incident.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Meglin's Unopposed Motion for Summary Judgment be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

72A
:v. 8/82)